UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES D. DISHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-02595-TWP-DLP |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| TRANS UNION, LLC, | ) | |
| KEYBRIDGE MEDICAL REVENUE CARE, | ) | |
| STAR FINANCIAL BANK, | ) | |
| | ) | |
| Defendants. | ) | |

## Order Regarding Discovery Disputes

Under Fed. R. Civ. P. 37(a)(1) and S.D. Ind. L.R. 37-1(a), counsel must confer in good faith to resolve a discovery dispute before involving the court in the dispute. If counsel have exhausted those efforts without resolving the dispute they *must* seek a discovery conference with the magistrate judge before the filing of a formal motion to compel or contested motion for protective order in the manner set forth below:

a) <u>Discovery disputes generally</u>. Except in the circumstances covered by (b) and (c) below, counsel must (1) jointly or unilaterally file a motion for a discovery conference, setting forth very briefly and without argument the nature of the dispute *or* (2) jointly contact the magistrate judge's chambers to request a conference. If the latter, the court staff may direct counsel to provide a brief description of the dispute. Counsel must not unilaterally contact the magistrate judge's chambers regarding a discovery dispute absent compelling circumstances.

b) <u>Disputes involving the failure to make *any* timely response whatsoever to a written discovery request</u>. In this circumstance, the requesting party must still comply with the requirements of Fed. R. Civ. P. 37(a)(1) and S.D. Ind. L,R. 37-1(a) to confer in good faith to resolve the matter, but counsel for the requesting party is not required to seek a discovery conference with the magistrate judge before filing a motion to compel.

c) <u>Disputes involving an objection raised during a deposition that threatens to prevent the completion of the deposition</u>. Counsel must telephone the magistrate judge's chambers to determine whether the magistrate judge is available to hear argument and rule on the objection on the record of the deposition. Although S.D. Ind. 37-1 provides that *pro se* parties are not generally subject to the requirements of the rule, Magistrate Judge Pryor encourages the parties to follow this procedure for deposition objections involving *pro se* litigants or deponents if the objection threatens to prevent the completion of the deposition.

So ORDERED.

Date: 9/27/2019

*Doris L. Pryor*
Hon. Doris L. Pryor
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email